# NICCHIA *v.* PEOPLE OF THE STATE OF NEW YORK.

ERROR TO THE COUNTY COURT OF KINGS COUNTY, STATE OF NEW YORK.

No. 74. Argued November 17, 1920.—Decided December 6, 1920.

It is within the police power of a State to require payment of license fees by the owners of dogs in cities, under penalty of fine. P. 230.

If, in exercising this power, the State sees fit to provide that the licenses shall be issued and the fees collected by a private corporation created by the State for the purpose of aiding in the enforcement of laws enacted to prevent cruelty to animals, and that the fees so collected shall be applied by such corporation in payment of its expenses fairly incurred and as just compensation for valuable service rendered in such law enforcement, the owners of dogs are not thereby deprived of property or liberty in violation of the Fourteenth Amendment. P. 231.

224 N. Y. 637, affirmed.

THE case is stated in the opinion.

*Mr. George P. Foulk,* with whom *Mr. Joseph Nicchia* was on the brief, opened for plaintiff in error. The court declined to hear further argument.

*Mr. Harry E. Lewis, Mr. Harry G. Anderson, Mr. J. Mayhew Wainwright* and *Mr. William N. Dykman* for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Plaintiff in error owned two dogs which she harbored within New York City without having obtained the license required by c. 115, Laws of New York 1894, as amended by c. 412, Laws 1895, and c. 495, Laws 1902. She was charged with violating the statute on October 11, 1916,

found guilty in the City Magistrates' Court, Brooklyn, and required to pay a fine. The Court of Appeals affirmed the judgment without opinion.

Chapter 115 as amended provides:

"Sec. 1. Every person who owns or harbors one or more dogs within the corporate limits of any city having a population of over eight hundred thousand, shall procure a yearly license and pay the sum of two dollars for each dog. . . ."

"Sec. 8. The American Society for the Prevention of Cruelty to Animals is hereby empowered and authorized to carry out the provisions of this act, and the said society is further authorized to issue the licenses and renewals, and to collect the fees therefor, as herein prescribed; and the fees so collected shall be applied by said society in defraying the cost of carrying out the provisions of this act and maintaining a shelter for lost, strayed or homeless animals; and any fees so collected and not required in carrying out the provisions of this act shall be retained by the said society as compensation for enforcing the provisions of title sixteen of the penal code and such other statutes of the state as relate to the humane work in which the said society is engaged."

"Sec. 9. Any person or persons, who shall hinder or molest or interfere with any officer or agent of said society in the performance of any duty enjoined by this act, or who shall use a license tag on a dog for which it was not issued, shall be deemed guilty of a misdemeanor. Any person who owns or harbors a dog without complying with the provisions of this act shall be deemed guilty of disorderly conduct, and upon conviction thereof before any magistrate shall be fined for such offense any sum not exceeding ten dollars, and in default of payment of such fine may be committed to prison by such magistrate until the same be paid, but such imprisonment shall not exceed ten days."

The validity of the act was questioned upon the ground that it violates the Fourteenth Amendment, § 1, by "depriving a citizen of his liberty without due process of law, to-wit, the liberty of owning and harboring a dog without procuring a license from and paying a fee therefor to the Society, a private corporation." In *Fox* v. *Mohawk & H. R. Humane Society* (1901), 165 N. Y. 517, the Court of Appeals declared a statute essentially the same as c. 115 before the amendment of 1902 invalid under the state constitution because it appropriated public funds for the use of a private corporation and also because it conferred an exclusive privilege. But the court repudiated the suggestion that the statute deprived dog owners of property without due process or delegated governmental power to a private corporation. Thereafter (1902) the legislature amended c. 115 with the evident purpose of meeting objections pointed out in the *Fox Case*. Thus amended the law has been upheld. Our only concern is with the suggested federal question.

The American Society for the Prevention of Cruelty to Animals was incorporated by c. 469, Laws of New York 1866. "The purpose of the corporation was to enforce the laws enacted to prevent cruelty to animals." *Davis* v. *American Society*, 75 N. Y. 362, 366. It has long been recognized by the legislature as a valuable and efficient aid toward the enforcement of those laws. New York Penal Laws, Article XVI, § 196. The payment of public funds to a similar corporation for assistance in enforcing penal statutes has been declared unobjectionable. *People ex rel. State Board of Charities* v. *The New York Society for the Prevention of Cruelty to Children*, 161 N. Y. 233, 239, 250.

Property in dogs is of an imperfect or qualified nature and they may be subjected to peculiar and drastic police regulations by the State without depriving their owners of any federal right. *Sentell* v. *New Orleans & Carrollton*

*R. R. Co.*, 166 U. S. 698. *Fox* v. *Mohawk & H. R. Humane Society, supra.* Its power to require those who wish to keep dogs to secure licenses from and pay fees to a public officer is also clear. And when the State in the reasonable conduct of its own affairs chooses to entrust the work incident to such licenses and collection of fees to a corporation created by it for the express purpose of aiding in law enforcement, and in good faith appropriates the funds so collected for payment of expenses fairly incurred and just compensation for the valuable services rendered, there is no infringement of any right guaranteed to the individual by the Federal Constitution. Such action does not amount to the taking of one man's property and giving it to another, nor does it deprive dog owners of liberty without due process of law.

The judgment below must be

*Affirmed.*