## Duff v. Louisville & Nashville Railroad Company.

(Decided March 25, 1927.)

### Appeal from Perry Circuit Court.

1. Evidence.—It is well-recognized fact that considerable sums of money are invested in dogs, and that they are subject of extensive trade.

2. Animals.—Dog is property, subject to regulation under police power, and owner thereof is entitled to maintain action to recover damages for its unlawful destruction.

3. Animals.—Ky. Stats., section 68b-3⁵, held not to limit amount of recovery from railroad for killing plaintiff's dog, $25 limit in such statute being applicable only to county in event person illegally killing dog did not pay.

D. G. BOLEYN and R. L. BALLOU for appellant.

MORGAN, EVERSOLE & BOWLING and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Ira J. Duff, who was the plaintiff below, instituted this action in the Perry circuit court against the appellee, Louisville & Nashville Railroad Company, in which he sought to recover $500.00, the alleged value of a licensed bird dog of Llewellyn setter stock. The plaintiff alleged in his petition, as amended, that through the carelessness and negligence of the defendant, its agents and employees, one of defendant's locomotives ran over and killed the dog which at the time was on a public crossing accompanied by its owner, and that it was killed between sunrise and sunset. The trial court sustained a demurrer to the petition as amended on the ground that a dog is not property, and that, under section 68b-35, Kentucky Statutes, the amount of recovery for the illegal and wrongful killing of a dog is limited to $25.00, and that the court was, therefore, without jurisdiction.

It is appellant's contention that a dog is property, and if section 68b-35 of the Kentucky Statutes limits the amount of recovery from any person wrongfully killing a dog, then it is in violation of section 54 of the Constitution, which provides: "The general assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

At the common law dogs were not regarded as the subject of larceny, for the reason, no doubt, that larceny being punishable by death, it was thought improper that a man should die for a dog. Even in cases of larceny, however, the dog was property at the common law, and the owner had his remedy by civil action for his loss or destruction. 2 Blackstone's Commentaries 393; Sentell v. New Orleans Railroad Co., 166 U. S. 698.

It is sometimes said that property in a dog is base or qualified, but this is so only in the sense that dogs are universally held to be subject to regulation under the police power of the state and may be summarily destroyed if the regulation is not complied with. This we held in the recently decided case of Shadoan v. Barnett, 217 Ky. 205, 289 S. W. 204. The trend of modern decisions is to regard dogs as domestic animals having value, and it is almost, if not quite, universally the rule that dogs are recognized as property and that an action will lie for their conversion or injury. It is a well-recognized

fact that considerable sums. of money are invested in them and that they are the subject of extensive trade. The modern rule is thus stated in 1 R. C. L. 1114:

> "At the present day there exists a noticeable tendency to eliminate the inconsistences of the old rules and, both in legislative and judicial decisions, to recognize a full and complete property in dogs."

In McCallister v. Sappingfield (Ore.), 144 Pac. 432, the court, in construing a statute declaring dogs to be personal property, said:

> "This enactment is but a legislative declaration of the present-day common law, found in the decisions of most of the states of the union. This modern conception of the dog as personal property, whether embodied in legislative enactments or judicial decisions, is the natural evolution of the status of the dog as known at common law, which considered the animal to be property, yet of an inferior sort."

It has been held in this state that dogs are property. Commonwealth v. Hazelwood, 84 Ky. 681, 2 S. W. 489; McGlone v. Womack, 129 Ky. 274, 111 S. W. 688, 33 Ky. Law Rep. 811. Recent cases from other jurisdictions to the same effect are: Southern Railway Co. v. Harris (Ala.), 93 So. 470; Meekins v. Simpson (N. C.), 96 S. E. 894; Alabama Great Southern Railroad Co. v. Buchannon and Crisp (Ga.), 132 S. E. 253; Roos v. Loeser (Calif.), 183 Pac. 204; Pardee v. Royal Baking Co., (Utah), 221 Pac. 847; Gerhart v. City of St. Louis (Mo.), 270 S. W. 680; Lacker v. Strauss (Mass.), 116 N. E. 236; L. R. A. 1917F 434; Missouri Pacific Railroad Co. v. Green (Ark.), 288 S. W. 908. In Helsel v. Fletcher (Okla.), 225 Pac. 514, 33 A. L. R. 792, it was held that cats belong to the same class of animals as dogs, and, while not the subject of larceny, the owner thereof has such an interest as will authorize the maintenance of civil proceedings for their recovery or for damages thereto.

We, therefore, conclude that a dog is property, subject to regulation under the police power, and that the owner thereof is entitled to maintain an action to recover damages for its unlawful destruction. It remains to be determined whether by section 68b-35, Kentucky Stat-

utes, the legislature intended to limit the amount of recovery from any person killing a dog. The first part of the section is as follows:

"Nothing in this act shall be construed to prevent the owner of a licensed dog from recovering, by action at law, the value of any dog, which dog has been illegally killed by any officer, farmer, stockman or other person within the commonwealth from said officer, farmer, stockman or other person."

In this part of section 68b-35 there is no limit placed upon the recovery from "any officer, farmer, stockman or other person" for illegally killing a dog, but it is expressly provided that the owner of a licensed dog may recover the value thereof. The succeeding part of the same section of the statute is as follows:

"In case such officer or other person fails to pay the value of such dogs so killed, the same shall be paid by the proper county. Said value of said dog to be ascertained in the same manner and form as provided in section 68b-25 of this act for assessing the damages done to live stock by dogs. But the amount so paid for such dog or dogs shall not exceed $25.00 per dog."

Waiving the constitutional question, *supra,* it was clearly the intention of the legislature in enacting section 68b-35 of the Kentucky Statutes only to limit the amount to be paid by the county in the event the value of the dog was not paid by the officer or other person who had illegally killed it. Without the above provision of the statute there was no legal obligation on the county to pay the value of a dog illegally killed or any part thereof, and the amount to be paid by the county could therefore be limited.

We are of the opinion that the petition as amended stated a cause of action and that the trial court erred in sustaining a demurrer thereto.

Judgment reversed, with directions to overrule the demurrer to the petition as amended, and for further proceedings consistent herewith.