In the Matter of the Application of NETTIE SABATINI and Another, Respondents, for an Order of Mandamus against ELMER F. ANDREWS, Industrial Commissioner of Labor of the State of New York, Appellant.*

First Department, December 31, 1934.

* Revg. 153 Misc. 190.

*Henry Epstein, Solicitor General,* of counsel [*John J. Bennett, Jr., Attorney-General*], for the appellant.

*Julius Hochfelder* of counsel [*Anna W. Hochfelder* with him on the brief; *Julius Hochfelder,* attorney], for the respondents.

*Irving I. Goldsmith* of counsel, for the New York Child Labor Committee, as *amicus curiæ.*

*Dorothy Kenyon* of counsel, for the Consumers' League of New York, as *amicus curiæ.*

GLENNON, J.   The court at Special Term granted a peremptory order of mandamus directing the Industrial Commissioner of Labor of the State of New York to issue industrial home work permits to the petitioners pursuant to article XIII of the Labor Law (Laws of 1934, chap. 825).   The Commissioner had refused to issue the permits apparently on the ground that the petitioners are engaged in an industry in which the National Industrial Recovery Act Code of Fair Competition prohibits home work.

The petition of Nettie Sabatini, in substance, alleges that she is the mother of a child four months of age.   She has been working at home doing crochet beading for the past six years, and has earned about fifteen dollars per week.   She works only about four months during the year.   Her husband as a C. W. A. worker presently earns about twelve dollars a week.

The petition of Rose Perricone is to the effect that she is the mother of two children, a boy of eleven, and a girl of ten years of age.   Her husband receives compensation at the rate of sixty dollars per month from the United States government as the result of a disability sustained during the World war.   He is now unable to work, and has been without employment for three years. This petitioner also does crochet beading.

It is the contention of petitioners that their applications were governed solely by the provisions of article XIII of the Labor Law. On the other hand, the Commissioner contends that the State Recovery Act, the Code of Fair Competition for the Schiffli, the Hand Embroidery and the Embroidery Thread and Scallop Cutting Industry, together with the order of the President dated May 15, 1934, must be read in conjunction with article XIII.

The Legislature of the State of New York, by chapter 781 of the Laws of 1933, enacted what is commonly known as the State

Recovery Act. In effect, this act provides for the enforcement intrastate of codes of fair competition, adopted and approved by the President under the National Industrial Recovery Act. The legislative policy is best expressed in the following extract from the act:

" Section 1. Legislative finding; statement of policy. A national emergency productive of widespread unemployment and disorganization of industry which likewise prevails in the state of New York, which burdens intrastate, interstate. and foreign commerce, affects the public welfare, and undermines the standards of living of the American people and of the people of the state of New York, is hereby declared to exist. The existence in this state of such present acute economic emergency, and the effects and certain causes thereof as declared in section. one of title one of the national industrial recovery act, enacted by the congress of the United States, effective June sixteenth, nineteen hundred thirty-three, are hereby recognized; and it is hereby declared that said emergency, the causes and effects thereof, as so declared, relate as well to commerce in this state wholly intrastate in character as to interstate and foreign commerce and transactions affecting interstate and foreign commerce carried on in this state. It is hereby declared to be the policy of this state to cooperate in the furtherance of the objects and purposes declared in said act of the congress, and each and every provision of this act shall be construed in accordance with the policy so declared, and to make uniform the standards of fair competition prevailing in intrastate commerce and industry with those of interstate commerce required by the provisions of the said national industrial recovery act which are applicable in interstate commerce in the state of New York."

The State Recovery Act became effective August 26, 1933. Article XIII of the Labor Law was enacted in 1934. This article amends the law in relation to industrial home work. It provides, in part, that under certain circumstances and conditions the Industrial Commissioner shall issue a certificate to an individual applicant permitting industrial home work. Petitioners claim that they have fully complied with the provisions of this article, and the Industrial Commissioner does not in his answer dispute their assertion.

The industry in which the petitioners have been engaged is now governed by the code of fair competition of the Schiffli, the Hand Embroidery and the Embroidery Thread and Scallop Cutting Industry. This code was filed with the Secretary of State, and, under the provisions of the State Recovery Act, becomes enforcible

as to all intrastate business in the industry. It contains a provision barring home work after August 1, 1934. The pertinent article of the code reads as follows: "2. Home Work. After six (6) months from the effective date of this Code no member of the industry shall give out work to be done in homes. Prior to that date, the Code Authority shall gather facts regarding the operation of home work in the industries under this Code and shall make recommendations to the Administrator, who, after due hearing, shall determine whether the above prohibition shall be modified, cancelled or continued."

By the order of the President dated May 15, 1934, the above provision was modified. To fully present the extent of the modification we quote the order as signed:

"In Codes of Fair Competition heretofore or hereafter approved, which provide for the abolition of homework, the question has arisen or may arise as to whether the abolition of homework has precluded certain persons who are incapacitated for factory work from their former opportunities for obtaining employment.

"Pursuant to the authority vested in me by Title I of the National Industrial Recovery Act and in order to carry out the purposes and policy of said Title of said Act, and upon due consideration of the facts and upon the report and recommendation of the Administrator,

"I, Franklin D. Roosevelt, President of the United States, do hereby order that no provision of any Code of Fair Competition heretofore or hereafter approved pursuant to said Title of said Act, shall be so construed or applied as to violate the following rules and regulations which are hereby promulgated and prescribed, to wit:

"I. A person may be permitted to engage in homework at the same rate of wages as is paid for the same type of work performed in the factory or other regular place of business if a certificate is obtained from the State authority or other officer designated by the United States Department of Labor, such certificate to be granted in accordance with instructions issued by the United States Department of Labor, provided

"(a) Such person is physically incapacitated for work in a factory or other regular place of business and is free from any contagious disease; or

"(b) Such person is unable to leave home because his or her services are absolutely essential for attendance on a person who is bedridden or an invalid and both such persons are free from any contagious disease.

" 2. Any employer engaging such a person shall keep such certificate on file and shall file with the Code Authority for the trade or industry or subdivision thereof concerned the name and address of each worker so certificated.

" This Order shall become effective immediately and shall be binding upon all trades, industries or subdivisions thereof and members thereof subject to Codes of Fair Competition in which homework is prohibited, and, to the extent necessary to permit the full application and operation of the foregoing rules and regulations, shall operate as a condition upon any previous order approving any Code of Fair Competition under Title I of the National Industrial Recovery Act, and shall remain in effect until revoked or modified by my further order or by order of the Administrator for Industrial Recovery; provided, however, that this Order shall not apply to or affect Codes of Fair Competition heretofore or hereafter approved for food or allied products trades, industries or subdivisions thereof, which contain provisions prohibiting the manufacture and/or processing of food products in homes.

" (Signed)   FRANKLIN D. ROOSEVELT."

It is to be noted that in his answer the Commissioner states: " Under the Executive Order, the United States Department of Labor has authorized the Industrial Commissioner in this State to issue homework certificates only in accordance with the provisions of the President's Executive Order of May 15th, 1934."

On this appeal it is the claim of petitioners that since article XIII of the Labor Law was enacted subsequent to the date of the passage of the State Recovery Act, it supersedes the latter and is the only law now in force with relation to home work.   The Industrial Commissioner on the other hand asserts that in passing upon applications for permits to do home work he must take into consideration, not only article XIII of the Labor Law, but also the State Recovery Act, the Code of Fair Competition, and the order of the President.

We are of the opinion that the position taken by the Commissioner is correct in so far as he was within his right in refusing to grant the permits.   However, we do not believe that he has properly construed the presidential order when he asserts " that no such exemption is made, permitting the issuance of homework licenses in the industry herein," since the pertinent part of the order referred to reads: " This Order   *   *   *   shall be binding upon all trades, industries or subdivisions thereof   *   *   *   subject to Codes of Fair Competition in which homework is prohibited."

The second question raised is that the State Recovery Act

contravenes the State Constitution, in that it provides that, upon the filing in the office of the Secretary of State of a certified copy of any code approved by the President, it shall become the standard of fair competition of the intrastate business of the industry affected by the code. It is claimed that this amounts to an unlawful delegation of legislative power. We do not think so.

In *Moses* v. *Guaranteed Mortgage Co.* (239 App. Div. 703) we expressed a contrary view, but we were overruled by the court of last resort in this State in *Matter of People* (*Title & Mortgage Guarantee Co.*) (264 N. Y. 69).

We are of the opinion that the State Recovery Act cannot be said by its terms to incorporate future legislation. The act, as we read it, is complete in itself. From the portion heretofore quoted it will be observed that it announces a general policy to carry out the underlying purpose of the National Industrial Recovery Act. It is true that it grants to administrative boards the power of formulating and presenting codes for adoption. These administrative boards, however, are bound by the limitations contained in the act. They do not make law. They merely formulate rules and regulations intended to carry out the general purpose of the statute. Consequently, there is in fact no wrongful delegation of legislative power.

Nor can the act be successfully attacked on the ground that it is an invalid exercise of police power. " It extends, we have said, not only to regulations which promote the public health, morals and safety, but to those which promote the public convenience or the general prosperity." (*Eubank* v. *Richmond*, 226 U. S. 137). Furthermore, as Chief Judge HUGHES, in *Home Building & Loan Assn.* v. *Blaisdell* (290 U. S. 398), said: " If State power exists to give temporary relief from the enforcement of contracts in the presence of disasters due to physical causes, such as fire, flood or earthquake, that power cannot be said to be non-existent when the urgent public need demanding such relief is produced by other and economic causes."

The general aim of this legislation was to promote the welfare, health and happiness of the people. As Judge HUGHES said, referring to the legislation in *Home Building & Loan Assn.* v. *Blaisdell* (*supra*): " The legislation was addressed to a legitimate end, that is,. the legislation was not for the mere advantage of particular individuals but for the. protection of a basic interest of society." The same reasoning would apply to the legislation challenged here as was adopted by the courts in upholding the constitutionality of the Child Labor Law, Minimum Wage Law, and the limitation of hours of labor and other types of beneficent

legislation which have been approved by the highest courts in this country. (*Holden* v. *Hardy*, 169 U. S. 366; *Sturges & Burn Mfg. Co.* v. *Beauchamp*, 231 id. 320; *Muller* v. *Oregon*, 208 id. 412; *Miller* v. *Wilson*, 236 id. 373; *Knoxville Iron Co.* v. *Harbison*, 183 id. 13; *Nebbia* v. *New York*, 291 id. 502.)

We have expressed our views here as to the law which controls the Industrial Commissioner in the exercise of his duties, in so far as the petitions under consideration are concerned. However, we wish to make it clear that anything we have said does not preclude the respondents from renewing their applications to the Industrial Commissioner for permits, provided they come within the exceptions contained in the order of the President.

The order should be reversed, and the motion for a peremptory mandamus denied, without costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed and motion denied, without costs.