THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of EARLE E. WEST, Director of Compliance of the Underwear and Allied Products Manufacturing Industry Code Authority, *v.* PRINCETON, INC., Defendant.

City Magistrates' Court of New York, Commercial Frauds Court, March 17, 1935.

*Tanzer & Mullaney* [*Eugene L. Mullaney* of counsel], for the complainant.

*Weil, Gotshal & Manges* and *Benjamin Jaffe*, for the defendant.

GOLDSTEIN, C. M. The complaint charges the defendant with a violation of section 2 of chapter 781 of the Laws of 1933 of the State of New York, known as the Schackno Act.*

This statute was enacted to help the program of the National Administration by applying to intrastate commerce standards of fair competition and penalties for their violation, identical with those prescribed by the National Industrial Recovery Act (NIRA) and promulgated by the administrative machinery constituted under such act (NRA).

It is a basic principle that a court should avoid, wherever possible, declaring a law (or part thereof) unconstitutional. (*Dartmouth College* v. *Woodward*, 4 Wheat. 518.) But when the higher courts

* See Laws of 1935, chaps. 261, 483, 539, 585.

of this State have indicated in no uncertain language that the Schackno Act is in part unconstitutional, it becomes my duty to follow such decisions.

The New York State Constitution, article 3, section 1, provides: " The legislative power of this State shall be vested in the Senate and Assembly."

By the Schackno Act the Legislature of the State .of New York declared: 1. That as to all codes promulgated by the NRA upon the filing in the office of the Secretary of State of a certified copy of any code approved by the President, it shall be the standard of fair competition for the intrastate business of the industry affected by the code.

The Appellate Division, First Department, has determined in the case of *Sabatini* v. *Andrews* (243 App. Div. 109) that this is a lawful delegation of legislative power.

Congress has declared that violations of the Code are to be misdemeanors. The question is whether the Schackno Act could declare violations of provisions of codes promulgated by a non-State agency (NRA) to be misdemeanors enforcible by our State courts. It goes without saying that code authorities have a right in matters of interstate commerce to institute criminal proceedings in the Federal courts for violations of the provisions of the various codes. It also is clear from the *Sabatini Case* (*supra*) that the code authority would have a right to apply to the Supreme Court of the State of New York for equitable relief.

I repeat, the important question is whether the Schackno Act could delegate to a non-State-created agency the right to make crimes punishable by and in the State of New York.

A careful reading of the opinions rendered in *Cline* v. *Consumers Co-operative Gas & Oil Co.* (152 Misc. 653); *Darweger* v. *Staats* (243 App. Div. 380); *DeAgostina* v. *Parkshire Ridge Amusement, Inc.* (155 Misc. ——, opinion by Special Term, Justice STEINBRINK), compels me to hold that the Schackno Act delegated to a Federal agency the legislative power vested in it under article 3, section 1, of the State Constitution.

The principle enunciated in the *Sabatini* case is not inconsistent with the decision in *People* v. *Grant* (242 App. Div. 310), which held that " while the Legislature may delegate the power to make rules and regulations and give them the force and effect of law, it may not delegate the power to create crimes and prescribe penalties therefor."

For practical considerations, the Legislature of the State, in granting a charter to the city of New York, gave the board of health the right to formulate a sanitary code, violations of which

are misdemeanors. The same right was given by the charter to the police department to promulgate rules of traffic, violations of which were to be misdemeanors. (By recent amendment, violations of traffic regulations are now offenses.) But in both of these instances the Legislature vested such authority in agencies deriving their power from the State.

This is quite different from giving an agency, which neither derives its authority from the State nor is answerable to the State, the right and power to create misdemeanors for which citizens of this State are to be held answerable in the State courts.

The purpose of the act is laudable but the means adopted violate our State Constitution.

If the State Legislature enacted a law that all regulations as to the production and handling of milk promulgated by the Board of Health of Wisconsin shall be the rules and regulations of this State and that any violations of such rules and regulations (after filing with the Secretary of State of New York) shall be punishable as misdemeanors in this State, such a law would, in my opinion, violate article 3, section 1, of our State Constitution. The same logic applies to the Schackno Act in so far as it declared violations of codes promulgated by NRA (after filing with the Secretary of State) to be misdemeanors in our State.

The remedy is with the Legislature, not the courts.

The *Sabatini Case* (*supra*) cannot be construed as approving legislative grant to non-State agencies of the power to create misdemeanors enforcible and punishable· in our State courts.

" Under the Schackno Act the Legislature has attempted to delegate the power to make rules and regulations and give them the force of law to Federal authority and granted to that authority the right to specify and create crimes in the State of New York. ' The legislative discretion to declare a crime has thus been attempted to be delegated to the board. This is not only delegation of ·an administrative act, but also the delegation of substantive power to determine a crime.' * * * We can see no distinction except that in the Schackno Act the power to declare what acts shall constitute the crime is attempted to be delegated by the Legislature to Federal administrative authority instead of State administrative authority. Clearly under such conditions the attempt is in violation of the Constitution of the State." (*Darweger* v. *Staats,* 153 Misc. 522, at p. 529; affd., 243 App. Div. 380; affd., 267 N. Y. ——.)

It is also urged that the Schackno Act violates article 3, section 17, of the State Constitution: " No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing

law, or part thereof, shall be applicable, except by inserting it in such act."

Having concluded that the law, which is the basis of this complaint, violates article 3, section 1, of the Constitution, there is no need for my passing on this additional objection.

Simple legislative treatment can cure both defects.

No time should be lost to provide by legislative action the proper machinery to enable the State of New York to keep in line with the forward march of the Federal administration to bring about national recovery. What helps the State of New York helps the nation — what helps the nation helps the State of New York.

For the reasons indicated, I am left with no choice other than to dismiss this criminal complaint.