WALTER I. COOK and Others, Code Authority for Textile Processing Industry, Plaintiffs, *v.* UP-TO-DATE SILK YARN DYEING CO., INC., Defendant.

Supreme Court, New York County, March 22, 1935.

*Lhowe & Obstfeld* [*Harold R. Lhowe* and *Harold Korzenik* of counsel], for the plaintiffs.

*Frank Kreitzberg*, for the defendant.

McLAUGHLIN, J. This is a motion to dismiss a complaint in which the Code Authority of the Textile Processing Industry sues for its fees which have been established by the code.

The State Recovery Act (Laws of 1933, chap. 781) is constitutional. The Appellate Division, First Department, has so decided, and that is the law applicable to this case. (*Matter of Sabatini* v. *Andrews*, 243 App. Div. 109.)

In this case the complaint is drawn so as to set forth not only facts showing that it is brought under the statute but also such facts as to set forth the provisions of the code. It alleges that these were complied with. There seems to be no question as to its sufficiency. Much of the defendant's argument is directed to the proposition that the code, in fixing a fractional percentage fee for the administration expenses, in reality levies a tax. The Legislature may never delegate its powers of taxation to a non-legislative body, for it is fundamental in our law that the tax makers must be chosen by the People. (*Gautier* v. *Ditmar*, 204 N. Y. 20, at p. 27; *Matter of District No. 2, Town of Brookhaven*, 214 App. Div. 40; *Matter of Brooklyn Children's Aid Soc.* v. *Prendergast*, 166 id. 852, at p. 861; affd., no opinion, 215 N. Y. 705.)

It has been held proper and constitutional for the Legislature to delegate to a private party the right to issue licenses and collect fees from every dog owner for the purpose of paying the expenses of the administration of the Society for Prevention of Cruelty to Animals. (*Nicchia* v. *New York*, 254 U. S. 228; 41 S. Ct. 103; 65 L. Ed. 235.) This being so, it appears clear that the Legislature, in times of emergency at least, may delegate the power to collect a reasonable fee to a government agency to pay the expenses of suppressing improper practices in an industry.

Motion is denied. Order signed.