**William SHAEFFLER, Appellant,**

v.

**CITY OF PARK HILLS, KENTUCKY, a municipal corporation, Appellee.**

Court of Appeals of Kentucky.

May 6, 1955.

Howell W. Vincent, Covington, for appellant.

Andrew W. Clark, Covington, for appellee.

CLAY, Commissioner.

This is a suit for a declaration of rights raising the question of the constitutionality of an ordinance of the City of Park Hills.

On motion for summary judgment the complaint was dismissed.

The ordinance prohibits persons from keeping or harboring livestock, fowls and animals within the corporate limits of the city. The plaintiff alleged that for the past five years he has engaged in the business of raising not less than five nor more than 20 chickens at his residence within the city. The claimed unconstitutionality of the ordinance is that it is arbitrary and unreasonable.

A city has a broad discretion in the enactment of laws to preserve and promote the health, morals, security and general welfare of its citizens. Sufficient grounds exist for the enactment of an ordinance of this nature if it has substantial relation to a legitimate object in the suppression of the conditions which the city authorities deem detrimental to the public good. Nourse v. City of Russellville, 257 Ky. 525, 78 S.W.2d 761. The keeping of poultry is a proper subject of regulation to protect the public health and welfare. 2 Am.Jur., Animals, Section 30.

Appellant has failed to point out in what respect this particular ordinance is arbitrary or unreasonable, and has consequently failed to establish its invalidity. The trial court properly decided this phase of the case.

However, on the pleadings an issue of fact was raised as to whether or not the ordinance was published in accordance with law. While appellee in its brief suggests that the matter of publication was considered by the court in a pre-trial conference, there is nothing in the record so indicating. It is not proper for the court to render summary judgment if a genuine issue as to a material fact appears in the case. CR 56.03. Therefore the complaint should not have been dismissed without giving appellant an opportunity to prove his allegation of inadequate publication.

The judgment is reversed for further consistent proceedings.