Charles A. Loreto, J.
Motion to dismiss the complaint.
The complaint alleges two causes of action, one on behalf of the league and the other on behalf of the individual plaintiff. Both seek an injunction enjoining the defendant, its officers, agents and employees from using the name “ The American Society for the Prevention of Cruelty to Animals ” or any similar name.
The gist of the complaint is the charge that although defendant was originally formed as an organization to combat cruelty to animals in all forms, including medical experimentation and research using living animals, since it now furnishes animals *663 to institutions and laboratories for medical experimentation and research, it has ceased to be an organization devoted to the prevention of cruelty to animals.
It is alleged that defendant publicly favored the enactment of sections 504 and 505 of the Public Health Law of the State of New York, which provide for the requisitioning of living animals for scientific and medical research, collaborating with the New York State Society for Medical Research and other organizations to secure its enactment. It is also alleged that subjecting animals to vivisection, pain and death for any reason constitutes cruelty to animals contrary to the corporate purposes and aims of the defendant. It is further alleged that both organizations solicit membership dues and contributions.
In conclusion, it is alleged that this conduct of the defendant constitutes a deception of the public, that it has caused a large segment of the public opposed to scientific experimentation using living animals to believe that the plaintiff harbors similar views, and that such persons consequently have refused to become members of plaintiff or to make contributions to it and, being misled and deceived into believing that defendant is a humane organization devoted to the prevention of cruelty to animals, make contributions to it instead of to plaintiff. Finally, alleging it has no adequate remedy at law, plaintiff demands a permanent injunction.
The second cause of action is practically identical with the first except that it is brought in the name of the individual plaintiff as a member of the public.
Defendant’s attorneys note in their brief: “Evidently the complaint is deemed to be a non-libelous and otherwise inexpensive way of drawing attention and money to the corporate plaintiff * * * and is essentially wanting as a statement of facts sufficient to constitute a cause of action.”
The court is not concerned at this time with any motive for the institution of this suit, for on this application it properly will be concerned only with an objective appraisal of the legal sufficiency of the complaint.
Reduced to its bare bones, the first cause of action is premised upon a difference in views of the two organizations on the subject of vivisection of animals for medical research, coupled with the assertion by the plaintiff that vivisection constitutes cruelty to animals.
In a free society like ours, there is room for people to entertain a variety of viewpoints on all sorts of subjects pertaining to human behavior and to act according to their views provided that it is done openly and subject to the laws of the land.
*664 The opposing viewpoints expressed here are by the group of persons who are unconditional antivivisectionists and all persons who approve of and subscribe to controlled vivisection of dumb beasts for the limited purpose of medical and scientific research.
In our present state of civilization, it may be said that nearly everyone favors humane behavior toward man and beast alike. Also, it may be noted that there is a universal concern for the alleviation of pain and the cure of human ills.
In the divine plan of all creation, two orders of creatures were ordained, the human and all others. The Psalmist expresses profound wonder that man is put above all other creatures, which are made subject to him. From the origin of mankind, the dumb beast has been used to serve man for his primary needs of food and clothing, in addition to other ancient services, such as dragging his plow, transporting his burdens, guarding his home and being his companion. Now there has been added the more recent use of animals in furthering medical research in the discovery of scientific knowledge for the control of disease, in alleviating pain and in prolonging life. In its limited co-operation in this field of activity, the defendant evinces its primary love of humankind, to which is subordinated its love of animals.
For the plaintiff to assert that defendant practices cruelty to animals because of its viewpoint on vivisection begs the question raised by the complaint. What is cruelty? The dictionaries generally define cruelty as an inhuman act. Both organizations profess human behavior toward animals. This activity of the defendant represents but a small area of its full concern and activity. And, of course, is not considered cruelty by it. That the plaintiff disagrees give rise to no violation of any right of the plaintiff. Granting the feasibility and permissibility of differing viewpoints on the question of vivisection of animals, what is here involved, therefore, is merely a matter of definition based upon the opinion and personal attitude that various persons have, stemming from their religious beliefs, knowledge and scientific approach.
Analogous would be the situation if we were to consider the opposing views of those persons among us who are pacifists and others who favor universal military training. Both groups sincerely believe that what they support is in the cause of peace. Can it be said that either group, carrying on its activities under the name or label of peace, sustains a legal wrong because of the beliefs of the other group — an infringement upon its rights that may be redressed in court? What an absurdity this would *665 be! How stifling to freedom of thought and how constricted, if not chaotic, society would be!
Where the views and conduct of any segment of the public are open, generally known and not in conflict with any law, as those of the defendant are, the fact that other persons support different views, gives the latter no right of redress, for no wrong is thereby committed by the former. Nor is there any basis for the assertion that the defendant, as is claimed here, perpetuates a deception or fraud upon the public.
The defendant society was created by special act of the Legislature in 1866 (L. 1866, ch. 469) as' a corporate body under the name of American Society for the Prevention of Cruelty to Animals. The act gives to the organization the power to form a code of by-laws not inconsistent with the laws of New York State or the United States, and to secure the aid of the police force of the City of New York, as occasion may require, in the enforcement of all laws enacted for the protection of dumb animals.
The Public Health Laws of the State of New York (§§ 504-505) authorize the Commissioner of Health to designate institutions where, subject to his regulations, experimentation on living animals may be conducted for scientific purposes. He is authorized to requisition for those institutions certain unwanted animals that have been impounded. The defendant, maintaining an animal pound or shelter in the City of New York is, of course, subject to that law (L. 1894, ch. 115; L. 1953, ch. 180; Nicchia v. New York, 254 U. S. 228), and has acted in compliance with it.
As to one further point raised- — the complaint makes the conclusory assertion that the defendant organization does not express the will of the majority of its members on this matter. However, the complaint also shows that the action of the defendant is according to its constitution and by-laws. This charge adds nothing to plaintiffs’ cause.
The court finds that plaintiffs’ complaint fails to state a justiciable controversy. The motion to dismiss it is accordingly granted.