**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMANE SOCIETY WESTERN REGION, a Washington non-profit corporation d/b/a Happy Paws Farms, | No. 07-35775 |
| Plaintiff - Appellant, | D.C. No. CV-05-00377-MAT |
| v. | MEMORANDUM [*] |
| SNOHOMISH COUNTY, a political subdivision of the State of Washington, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Argued and Submitted February 5, 2009
Submission Vacated February 6, 2009
Resubmitted December 8, 2009
Seattle, Washington

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

Humane Society Western Region d/b/a Happy Paws Farms (HSWR) appeals

the district court's order granting summary judgment to Snohomish County on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HSWR's 42 U.S.C. § 1983 claims asserting that Snohomish County Code (SCC) 6.06.005(7) (2007), which limits housing of dogs in a licensed temporary animal shelter to six months, violated its substantive due process rights, and that the County's dog barking and noise ordinances (SCC 6.06.025(1), 10.01.020(25), 10.01.020(29), 10.01.040(1), 10.01.050(5)(b) (2007)) are unconstitutionally vague and permit arbitrary enforcement. We reverse in part and affirm in part.

We reverse the district court's holding that HSWR's substantive due process claim challenging the County's six-month housing limitation under SCC 6.06.005(7) was preempted by the Fifth Amendment's Takings Clause. *See Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855-56 (9th Cir. 2007); *see also Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007).

However, HSWR's claim still fails on the merits. HSWR acknowledges that the County has a legitimate interest in protecting the safety, health and welfare of the dogs and their owners. *See Hill v. Colorado*, 530 U.S. 703, 715 (2000); *Nicchia v. People of New York*, 254 U.S. 228, 230-31 (1920). Although subject to debate, the County's six-month housing rule is neither arbitrary nor irrational, but instead rationally advances this legitimate interest. *See Spoklie v. Montana*, 411

2

F.3d 1051, 1059 (9th Cir. 2005); *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994).

HSWR also does not demonstrate that the dog barking and noise ordinances are unconstitutionally vague or permit arbitrary enforcement. *See Hill*, 530 U.S. at 732. The ordinances are not unconstitutionally vague for failing to specify the sound decibel level of dog barking that constitutes a violation; the sound is within the "common understanding" of a "person of ordinary intelligence" who can reasonably understand the context of what was being prohibited. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 112 (1972) (internal quotation marks omitted); *see also Boos v. Barry*, 485 U.S. 312, 330, 332 (1988). Nor does the record in this case evidence that the noise ordinances were arbitrarily enforced, particularly given the substantial evidence of violations and HSWR's stipulation to a violation of the ordinance. *See Parker v. Levy*, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."). Finally, the fact that the enforcement of the ordinances relied on neighbor complaints and some discretion by County animal control officers also does not demonstrate arbitrary enforcement in this case. *See, e.g.*, *Hill*, 530 U.S. at 733; *Ward v. Rock Against Racism*, 491 U.S. 781, 793-95 (1989); *Cameron v. Johnson*, 390 U.S. 611, 615-16 & n.7 (1968); *Grayned*, 408 U.S. at 109-14.

3

Each party shall bear its costs on appeal.

REVERSED IN PART, AFFIRMED IN PART.