MARY M. CARNEY, Appellant, v. MINER BROME, Respondent.

*Cattle trespassing — use of a dog to drive them off — abuse of such cattle — one of two causes of injury — preponderance of proof required.*

Where one person's cattle come upon another's premises, the latter has the right to drive them therefrom into the highway, and if he does so in a proper manner, he is not liable for any injury occasioned to the animals, and in an action to recover damages for injuries alleged to have been sustained by such cattle, it is for the owner of the cattle to show that such person, in exercising the right to drive them off his premises, in some manner abused or ill-treated them.

It is not a wrongful act for a person driving cattle of another from his premises to chase them twice around his farm, unless they were so chased unnecessarily, nor is it wrongful for him to use a pitchfork to separate the cattle, unless he uses it in a wrongful way.

A farmer may, under certain circumstances, use a dog, if not ugly, to aid him in driving trespassing cattle from his premises.

When in an action brought to recover damages for injuries to personal property it is just as probable that the injury came from one cause as another, the plaintiff cannot recover, because he is bound to make out his case by preponderance of evidence, and the jury must not be left to a mere conjecture or to act on a bare possibility.

APPEAL by the plaintiff, Mary M. Carney, from a judgment of the County Court of Sullivan county in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 29th day of December, 1892, upon the decision of the court reversing the judgment of a justice of the peace of the town of Thompson, Sullivan county.

*M. H. Couch,* for the appellant.

*Charles H. Stage, Peter E. Palen* and *T. F. Bush,* for the respondent.

PUTNAM, J. :

I have entertained considerable doubt as to the proper disposition of this case. My first impression was that the evidence presented a fair question of fact for the jury in the trial court, and that the judgment entered on the verdict rendered therein should not have been disturbed, for the reasons stated and under the authorities cited by the learned counsel for the appellant. But a careful examination and consideration of the facts of the case has led me, although with some hesitation, to concur in the conclusion reached by the learned county judge.

It seems the plaintiff's cattle came upon defendant's premises. The latter had the right to drive them therefrom into the highway, and, if he did so in a proper manner, is not liable for any injury to the animals. It was for the plaintiff to show that the defendant, in exercising the right he had to drive the cattle off his premises, in some manner abused or ill-treated them.

It was shown by the admission of the defendant that he chased the cattle twice around his farm. But there was not a scintilla of evidence showing any fault on his part in this regard. It is not to be inferred that he would voluntarily or unnecessarily drive the animals twice around his farm. The presumption is rather that they were wild and ran as they did, despite his efforts to prevent them. Defendant admitted that he set his dog on the cattle. In the absence of any proof of the circumstances, or that the dog was an ugly one, that fact does not show any abuse of the cattle. A farmer may use a dog, if not ugly, under certain circumstances to aid him in driving trespassing cattle from his premises. Defendant

also said he used a pitchfork to separate the cattle, but it was not shown that any injury resulted to the plaintiff's animals therefrom, or that he used the pitchfork *on them*, or in fact in what way he did use it.

I fail, therefore, to find any evidence showing abuse of the animals by defendant while they were on his premises. Had there been, a submission of the case to the jury was proper; but in the absence of such evidence it was improper to allow the jury *to imagine* that the defendant ill-treated the cattle. I, therefore, agree with the views stated by the learned county judge. It was not a wrongful act on the part of the defendant to drive plaintiff's cattle from his premises. It was not wrongful for him to chase them twice around his farm, unless they were so chased unnecessarily, and this was not shown. It was not wrongful to use a pitchfork to separate the cattle, unless he used it in a wrongful way and on plaintiff's cattle, and these facts were not proved. It was not wrongful to set the dog on the cattle under certain circumstances, and it does not appear under what circumstances he used the dog to aid in driving the cattle, or to what extent the dog chased the cattle or that he in any manner injured them.

It is claimed, however, that in driving the cattle towards plaintiff's premises along the highway, defendant's hired man, Fred Ernie, ran and abused them. It appears that after defendant succeeded in getting the cattle into the highway, he directed Ernie to drive them to and into the road leading to plaintiff's house. As suggested on the argument, this direction evinced a neighborly and friendly spirit on the part of the defendant, and the absence of an intent to injure the plaintiff.

While Ernie was driving the cattle towards plaintiff's premises, it was shown that they were running rapidly, followed by Ernie and a dog owned by one Dutcher. It does not appear that Ernie called the dog or set him on the cattle, or had any control over him, nor whether he caused the cattle to run or whether they voluntarily ran, he being compelled to do likewise to keep up with them, or whether they were started by the dog. Dutcher testified that the cattle ran by his place. He saw his dog running down by them. The cattle were running fast. He judged his dog caused the running.

It appears, therefore, that defendant was doing a neighborly act, sending plaintiff's cattle home. On the way they were shown to have run rapidly. But it does not appear by any satisfactory evidence whether the running was caused by defendant's servant or by the dog, or was in consequence of the cattle being wild. The jury were not at liberty *to imagine* that Ernie abused the animals by running them, in the absence of any satisfactory proof that he was responsible therefor. It was for the plaintiff to establish her cause of action, and if the running of the animals under the testimony could as well be attributed to the act of the dog as to that of Ernie the jury had no right to guess that it was caused by him. It is hardly to be presumed that Ernie at such a season of the year would willingly have driven the cattle at a rate of speed rendering it necessary for him to run rapidly to keep up with them. Doubtless the evidence was sufficient to establish the fact that the injury to plaintiff's cattle was caused by running, but it was not to show whether such running was caused by a wrongful act on the part of defendant or by some other cause for which defendant was not responsible. It was just as likely to have been owing to the latter as the former cause. As was said (although not in a similar case) in *Taylor* v. *The City of Yonkers* (105 N. Y. 202–209): The plaintiff must fail " if it is just as probable that the injury came from one cause as the other, because he is bound to make out his case by preponderance of evidence, and the jury must not be left to a mere conjecture or to act on a bare possibility."

We think that the plaintiff failed to show any abuse of the cattle by the defendant while they were being driven along the highway at the time in question.

On the whole case we conclude that the plaintiff failed to show any wrongful act on the part of the defendant as charged in the complaint, and, hence, that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.