GEORGE WILLIAM SNACK, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, March 29, 1928.

Railroads — fences — liability for injuries to cattle straying through broken fences — plaintiff's horse passed through broken railroad fence, fell down embankment and apparently was killed by fall — defendant is not liable under Railroad Law, § 52.

The plaintiff, a farmer, who owned property adjoining defendant's railroad, is bringing this action to recover the value of a horse. It appears that plaintiff's horse strayed through a break in the railroad's fence, fell down an embankment at a railroad cut and apparently was killed by the fall.

The defendant is not liable under section 52 of the Railroad Law for that section limits the liability of the defendant to damages done to domestic animals straying upon the tracks through the defective fence where the damage is caused by the agents, engines or cars of the railroad. Inasmuch as the plaintiff's horse was not killed in this manner or by the active negligence or willful act of the defendant it is not liable.

APPEAL by the defendant from a judgment of the County Court of the county of Rensselaer, entered in the office of the clerk of said county on the 24th day of April, 1925.

*Whalen, Murphy, McNamee & Creble* [*Kenneth Creble* of counsel], for the appellant.

*Tobin, Wiswall & Walton* [*Frank L. Wiswall* of counsel], for the respondent.

DAVIS, J. The plaintiff was a tenant on a farm in Rensselaer county. The pasture on this farm adjoined defendant's right of way. Along its lands the defendant had erected and was maintaining a fence. The railroad tracks ran through an artificial cut made in rocks at a depth of sixty to seventy feet below the level of the pasture. The fence was built within eight or ten feet of this precipitous cliff.

During the early part of the year 1920 the portion of the railroad fence at the top of the cliff was permitted by the defendant to become out of repair, of which fact it had notice. A horse belonging to plaintiff, which had been turned into the pasture, was found dead at the foot of the cliff on defendant's roadbed on the morning of June 9, 1920. There was an opening or break in the fence at the point about opposite where the horse was lying, and it was a fair inference justifying the verdict that the horse got through the fence and slid and fell over this declivity. The plaintiff has recovered damages on the theory that the defendant failed to perform its statutory duty in maintaining the fence. This appeal opens the field of inquiry as to defendant's liability.

The action could not have been maintained under the common law for the rule was that no man was obligated to fence against trespassing cattle; but the owner was bound to restrain them within his own possessions. If they strayed he became liable for the damage caused by their trespass upon the lands of another, whether such lands were inclosed or not. (*Clark* v. *Brown,* 18 Wend. 213, 221; *Wood* v. *Snider,* 187 N. Y. 28, 31.) This rule was long ago modified by statute in this State. (See R. S. pt. 1, chap. 11, tit. 4, art. 4; now Town Law, art. 19, as amd. by Laws of 1911, chap. 86.) Owners of adjoining tracts of land are in general required to maintain a just and equitable portion of the division fence. (Town Law, § 360, as amd. by Laws of 1911, chap. 86.) If animals stray through the fence which their owners should maintain, damages may be recovered for the trespass by one upon whose lands the injury is sustained. (Town Law, §§ 365, 368.) Generally the cases deal with questions of this nature; but sometimes the owner of escaping animals seeks to recover damages for their loss or injury from him upon whose lands they have strayed. In such case it is well settled that the action cannot be maintained unless there has been active negligence or willful or wanton injury on the part of the latter. (*Carney* v. *Brome,* 77 Hun, 583; *Matthews* v. *Fiestel,* 2 E. D. Smith, 90; 3 C. J. 151, and cases cited.)

At common law there was no obligation on the part of the railroad to erect fences along its right of way for the protection of lands through or along which it passed; and if it voluntarily did erect such fences it was not obliged to maintain and keep them in good repair. (*Ward* v. *Paducah & Memphis R. Co.,* 4 Fed. 862, 866.) But in this State this rule has also been modified, and such corporation is obligated by statute to "erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands * * *." (Railroad Law, § 52, as amd. by Laws of 1915, chap. 281.) This duty is absolute to protect human beings upon railroad trains as well as to protect the lives of animals. (*Donnegan* v. *Erhardt,* 119 N. Y. 468, 473.) However, if the fence is not in good repair and animals stray upon the railroad property, the liability of railroad corporations is limited to "damages done by their agents or engines or cars to any domestic animals thereon." (Railroad Law, § 52.) It was at one time held that the liability extended to include recovery for a loss of the nature of that here suffered, to wit, an injury to the strayed animals by falling through a bridge on the railroad tracks. (*Graham* v. *President, etc., of D. & H. C. Co.,* 46 Hun, 386; *French*

13

v. *Western N. Y. & P. R. R. Co.*, 72 id. 469.)   But those cases have been overruled and the right to recover has been strictly limited to injuries occurring under the precise terms of the statute.   (*Knight v. N. Y., L. E. & W. R. R. Co.*, 99 N. Y. 25; *Jimerson* v. *Erie R. R. Co.*, 203 id. 518.)

The plaintiff's loss did not occur by reason of injury done by the agents, engines or cars of the defendant.   He, therefore, does not fall within the class for whose benefit or protection this remedial statute was intended (*DiCaprio* v. *New York Central R. R. Co.*, 231 N. Y. 94, 97); and as the injury resulted through no active negligence or willful act of the defendant, the verdict for plaintiff has no sound legal basis.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.