Elmer L. Foster, Plaintiff, *v.* Erie Railroad Company, Defendant.

County Court, Genesee County, October 28, 1937.

*Judd & Stakel [Wallace J. Stakel* of counsel], for the plaintiff.

*Moot, Sprague, Marcy, Carr & Gulick [LeRoy H. Hurlbert* of counsel], for the defendant.

Cone, J.  The above action is now before this court on a motion in behalf of defendant for an order under rule 112 of the Rules of Civil Practice for judgment dismissing the first cause of action of plaintiff's complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

This cause of action is based on the alleged negligence of the defendant in failing to perform its statutory duty to build, maintain and keep in repair a fence along its right-of-way where the same passes through the plaintiff's premises.

The damage sought in this alleged cause of action is the loss of use of the pasture adjoining the defendant's right-of-way, the

damages caused by the necessity of plaintiff's chasing strays when using said land, and damages to plaintiff's crops from said strays.

This alleged cause of action is based on section 52 of the Railroad Law, the pertinent part of which provides as follows: " Every railroad corporation, * * * shall * * * erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from adjacent lands * * *. So long as such fences and cattle guards are not made, or are not in good repair, the corporation * * * shall be liable for damages done by their agents or engines or cars to any domestic animals thereon. When made and in good repair, they shall not be liable for any such damages, unless negligently or wilfully done."

The defendant contends there is a clear liability under the statute when cattle, horses, sheep and hogs are killed or injured on the right of way of the railroad company as the result of the failure to provide a proper fence against said stock, when said injury is inflicted by its agents, engines or cars, and that the liability of the railroad company is restricted to such accidents and to those specific domestic animals, and cites *DeCaprio* v. *New York Central R. R. Co.* (231 N. Y. 94), where recovery was denied where a child wandered upon the railroad track through a defective fence.

This statute seems to be strictly construed by the above decision and other decisions. (See *Snack* v. *New York Central R. R. Co.*, 223 App. Div. 192), and cannot be extended.

The plaintiff contends, under the authority of *Leggett* v. *Rome, W. & O. R. R. Co.* (41 Hun, 80 [1886]), that the statute has been liberally construed. In that action the plaintiff sought recovery for the use of pasture land by reason of defendant's neglect to erect and maintain a suitable fence, and the court by its decision said that, from the facts in that case, the damages sustained are natural consequences of the omission of the defendant to properly erect a fence. This case does not appear to have been overruled, but in numerous decisions the court has had the construction of this statute before it and, while it has not in so many words overruled the *Leggett* case, it has by clear implication only permitted recovery where the alleged facts were clearly within the language of the statute, and has denied recovery otherwise.

It, therefore, appears to the court, from the numerous decisions, that the facts alleged in the plaintiff's first cause of action are not within the provisions of the statute and are not sufficient to constitute a cause of action.

Motion granted dismissing first cause of action of the complaint. Order may be entered accordingly.

As to that part of the motion — bill of particulars demanded by the defendant — it is assumed from the statements made in open court that these matters have been agreed upon. If not, upon notice to the court, the court will pass upon the demands for the bill of particulars.