ANN PREUDHOMME, Individually and on Behalf of Others Similarly Situated, Appellant, *v.* ERNEST L. STEBBINS, as Commissioner of Health of the City of New York, et al., Respondents.

First Department, June 1, 1945.

*Milo O. Bennett* of counsel (*Frances R. Holmes* with him on the brief), for appellant.

*Fred Jacobs* of counsel (*James Hall Prothero* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for Ernest L. Stebbins, as Commissioner of Health of the City of New York, respondent.

*Howard B. Nichols* of counsel (*John C. Crawley* with him on the brief; *Barry, Wainwright, Thacher & Symmers*, attorneys), for The American Society for the Prevention of Cruelty to Animals, respondent.

CALLAHAN, J. There can be little doubt concerning the power of public health officers to seize stray dogs when they become a menace to public health because of the prevalence of rabies, and where there is reasonable basis for suspecting that such dogs have become infected with the disease. But the destruction of a dog, not a stray animal, which was seized merely because it was found temporarily outside of a home without being on a leash, might not be lawful, unless, at least, it is established by competent proof that there was some reasonable basis from such circumstances for suspecting such infection. If the mere presence of a dog outside a home without a leash is to create a legal presumption of the possibility of such infection, that presumption would have to be created by an enactment having the effect of statute. This is so in view of the fact that there is at present an express statutory definition of what circumstances will warrant the quarantine or destruction of dogs suspected of rabies, which definition does not have the broad scope of creating any presumption such as the one referred to. (See Sanitary Code of the City of New York, § 10, subds. 1, 6.)

The procedure adopted by defendants as disclosed by the present record appears to be to seize all dogs that are unleashed, the owner being given the alternative of quarantining the dog for six months or having it destroyed. Defendants seek to justify this procedure by reference to a resolution adopted by the Health Department on October 16, 1944, authorizing such steps to be taken. The effect of the resolution, directing the seizure of all unleashed dogs and quarantining them for rabies, is to make a violation of section 17 of the Sanitary Code, which makes it unlawful to have unleashed dogs, prima facie proof of suspicion of infection. Thus, the Board of Health is attempting, by the resolution, to add to a statutory definition. But the resolution of October 16, 1944, cannot have the force of statute because it was not filed as required by law. (See New York City Charter [1938], § 558, subd. f.)

However, even though the fact that plaintiff's dog was unleashed on the highway created no legal presumption of infection, it does not follow that reasonable suspicion of such infection and the necessity for quarantining or destroying the dog may not be established by common-law proof. Plaintiff would not be entitled to a temporary injunction against responsible administrative officers in the performance of their public duties under the present circumstances merely because they were mistaken in the probative force of the facts on which they acted. (See *Acorn Employment Service, Inc.,* v. *Moss,* 261 App. Div. 178.)

It appears uncontradicted upon this record that it is scientifically impossible to determine the actual existence of infection from rabies until the lapse of six months after a particular date. The determination of the means of meeting situations endangering public health is vested in the Board of Health. The program adopted under the resolution of October 16, 1944, for the quarantining, or, in the alternative, the destruction of suspected dogs, would not seem in and of itself to violate any constitutional requirement of due process of law. At least, the procedure adopted would not conflict with such requirement where adequate proof is adduced justifying suspicion of infection from the disease. There is but a qualified property in dogs as against the police power of the health authorities, and thus dogs may be subjected to drastic police regulations. (*Fox* v. *Mohawk & H. R. Humane Society,* 165 N. Y. 517; *Nicchia* v. *New York,* 254 U. S. 228; *Sentell* v. *New Orleans &c. Railroad Co.,* 166 U. S. 698.)

Giving the allegations in the plaintiff's complaint the required credence, we find the first cause of action sufficient on its face, but the second cause of action, attempting to set forth a representative suit, we find insufficient. We deem that the defendant, The American Society for the Prevention of Cruelty to Animals, is a necessary party defendant for the reason that, if upon a trial plaintiff should establish her right to a permanent injunction, judgment would be required to be entered against that defendant which is said to take part in some of the alleged unlawful acts complained of. We so rule even though there appears little or no basis for much of the other relief sought against the Society.

The order denying the motion for an injunction *pendente lite* should be affirmed, without costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

The order dismissing the complaint against The American Society for the Prevention of Cruelty to Animals and the judgment entered thereon should be modified by denying the motion to dismiss the first cause of action, and as so modified affirmed, without costs, with leave to said defendant to answer within ten days after service of order.

TOWNLEY, GLENNON and COHN, JJ., concur; MARTIN, P. J., dissents and votes to affirm said last-mentioned order and judgment appealed from.

Order denying motion for an injunction *pendente lite* unanimously affirmed, without costs. Order dismissing the complaint against The American Society for the Prevention of Cruelty to Animals and the judgment entered thereon modified by denying the motion to dismiss the first cause of action, and as so modified affirmed, without costs, with leave to said defendant to answer within ten days after service of order. Settle order on notice.