EDNA VON R. BLAIR, Plaintiff, *v.* C. CHESTER DU MOND, as Commissioner of Agriculture and Markets, et al., Defendants.

Supreme Court, Special Term, Albany County, November 23, 1951.

*Sherman S. Rogers* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Ruth Kessler Toch* of counsel), for C. Chester Du Mond, defendant.

*Thomas P. Kennedy, County Attorney,* for H. S. Johnson, Jr., as Chairman of the Columbia County Board of Supervisors, defendant.

ELSWORTH, J. The relief sought in this action is a judgment declaring that section 115 of the Agriculture and Markets Law of the State of New York, pertaining to the night quarantine of dogs, is unconstitutional, and restraining its enforcement against the plaintiff. The section, which was originated in 1917, provides in its present form as enacted in 1929 (L. 1929, ch. 173), in part as follows: " The commissioner may at any time by order require that all dogs in any town, city or county, shall be securely confined between sunset and one hour after sunrise during the period of time designated in the order, or, if no time is so designated, until the order is revoked."

Pursuant to the section, a commissioner's order was made applicable to all of Columbia County in 1927. Such order has remained in force continuously to the present time and is the order which has incited the institution of this action.

The plaintiff has here moved for a temporary injunction restraining the defendants from enforcing as against her the section and order promulgated thereunder during the pendency of the action.

The defendants have moved, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint or in the alternative declaring said section 115 of the Agriculture and Markets Law to be in all respects constitutional and valid.

No contention is made here by the plaintiff that the order or any enforcement thereof contravenes the statute which has given rise thereto. Her attack, rather, is addressed directly against the statute itself. She contends that said section 115 offends against the due process clauses of both the Federal and State Constitutions and unlawfully delegates legislative power in violation of the New York State Constitution.

Due process is a generic term and may be contravened in various ways and forms. It connotes a deprivation of life, liberty or property that is beyond the lawful power of government. But it does not preclude a use of the inherent police power of the State to protect the health and welfare of the many, even at the expense of a few. A statute is supported by a presumption of constitutionality which is only overcome by a showing of invalidity of purpose or by the inhering of elements of the arbitrary, unreasonable or capricious.

The regulation of dogs under the police power has long been recognized and sustained. It would be extraordinary indeed if such power of control were not to exist. If the life of his master can be regulated in so many divers ways, a dog could hardly be expected to escape restrictions upon his own activities.

Dogs are a species of property and while the exact nature of ownership has produced a contrariety of opinion, it is sufficient to say here that they are property subject to the police power of the State. " There is but a qualified property in dogs as against the police power of the health authorities, and thus dogs may be subjected to drastic police regulations." (*Preudhomme* v. *Stebbins,* 269 App. Div. 409, 412; see, also, *Sentell* v. *New Orleans etc. Railroad Co.,* 166 U. S. 698; *Fox* v. *Mohawk & Hudson Riv. Humane Soc.,* 165 N. Y. 517; *Nicchia* v. *New York,* 254 U. S. 228.)

The powers of the Commissioner of Agriculture and Markets under section 115 of the Agriculture and Markets Law to quarantine dogs at night is entirely constitutional. Whether the quarantine be to protect property rather than human life is not controlling. It is a proper exercise of the police power, both valid and reasonable in purpose. Since depredations of dogs " are often committed at night, it is usually impossible to identify the dog or to fix the liability upon the owner ". (*Sentell* v. *New Orleans etc. Railroad Co., supra,* pp. 705–706.)

Plaintiff argues that the portion of section 115 which provides that " Any peace officer shall kill on sight any dog at large in violation of such order " is particularly obnoxious to due process because no notice and hearing are provided for as a

condition precedent to destruction. The statute does provide for notice of the quarantine and such notice is sufficient. He who ignores the order of quarantine must be held to do so at his peril. A strange dog in the nighttime bent upon mischief is an elusive animal, and the Legislature in its wisdom cannot be said to have acted arbitrarily and capriciously in mandating destruction rather than capture.

The question remains if the statute unconstitutionally delegates legislative power. The statute is complete on its face and does not provide for any rules and regulations to be made by anyone. It merely leaves to the Commissioner of Agriculture and Markets the fixing of the time and place — when and where — the statute shall become effective. There is no delegation of power to make the law. All the statute does is to confer authority and discretion in its execution. This is not an unlawful delegation of legislative power. (*People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387, 397.)

The court can well understand the disappointment, and perhaps the resentment, of this plaintiff in being denied the right and privilege of the full and unfettered use of her two thoroughbred Irish Terriers as guardian watch dogs at her somewhat isolated country home. Undoubtedly, and as characteristic of dog owners generally, she is attached to them " for their intelligence, sagacity, fidelity, watchfulness, affection, and, above all, for their natural companionship with man ". (*Sentell* v. *New Orleans etc. Railroad Co., supra,* p. 701.) The restrictive situation in which plaintiff finds herself, however, is neither new nor novel. It is simply the old story of the exercise of governmental police power, viz., the mandatory sacrificing of individual rights for the over-all good of the public generally.

The complaint herein fails to state a cause of action as a matter of law.

The defendant may submit orders denying plaintiff's motion for a temporary injunction and granting defendants judgment on the pleadings.