Hylan F. Aber, Claimant, *v.* State of New York, Defendant.
(Claim No. 30816.)

Court of Claims, January 28, 1952.

*John M. Sutton* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*George R. Davis* of counsel), for defendant.

Gorman, J. The claim is for negligence of the State in locating, setting or attending a fox trap on land near Wilson Creek in the town of Geneva, Ontario County, New York. The claimant was the owner of a female black and tan coon hound which had been purchased a month or two before the accident. The dog was in the custody of Seymour McLeod who lived on Ross Road across from a farm of 130 acres belonging to Elmer Ross. About one-half mile north from the buildings on the Ross farm there was a small piece of unimproved woodland owned by Hattie Oughterson. In the early morning of June 4, 1949, McLeod let the dog out for its accustomed exercise. Later in the day the

dog was found about a quarter of a mile from the road entangled in thick brush with its front left foot in a fox trap. The trap had been set in the Ross cornfield on June 3, 1949, by a professional trapper employed by the Conservation Department as part of its zone control of rabies pursuant to chapter 305 of the Laws of 1949 (Conservation Law, § 168). The fenced cornfield adjoined the Oughterson premises where the dog was found in a dying condition from asphyxiation. The trap was one of four traps which had been located in the general locality by the trapper and was the same trap which had been set the day before upon the Ross premises with the consent of the owner.

Wild life conservation and reforestation are declared to be policies of the State. (N. Y. Const., art. XIV, § 3.) The State owns and has title to all fish, birds, and quadrupeds in the State except those legally acquired and held by private ownership. (Conservation Law, § 150.) The Conservation Department has the power and duty to control, manage, propagate and distribute such game and to enforce all laws relating thereto. (Conservation Law, § 151.) It was authorized and directed to control wild foxes by traps or otherwise in a proper case where the health and welfare of the community was imperiled by rabies. (L. 1949, ch. 305; Conservation Law, § 168.)

The original ownership of wild game is in the State in its sovereign capacity, for the benefit of all the people. The preservation and regulation thereof is a lawful and valid exercise of the police power. (*Barrett* v. *State of New York,* 220 N. Y. 423.) The authority for necessary and proper control is in the Legislature which has wide discretion in the public interest. (*Phelps* v. *Racey,* 60 N. Y. 10.) Often laws enacted for the public welfare are destructive of private activities, but the inconveniences of legislative dispositions of policy are not a proper subject for claims against the State. (*Newiadony* v. *State of New York,* 276 App. Div. 59.)

"Under any circumstances, there is but a qualified property in dogs, cats and similar animals, and, in fact, there may be said to be no property in them as against the police power of the state." (*Fox* v. *Mohawk & Hudson River Humane Soc.,* 165 N. Y. 517, 521; *Preudhomme* v. *Stebbins,* 269 App. Div. 409.) At common law a dog might be killed when necessary for the protection or preservation of property. (*Smith* v. *Wetherill,* 78 App. Div. 49.) This dog was a trespasser. The State was in occupation of that portion of the Ross land by consent of the owner and controlled the trapping area pursuant to his request and privilege. Relative thereto, it had inherited for necessary purposes, as a

possessor, the owner's immunity from liability to third-party trespassers. (Restatement, Torts, § 333.) As to such, the well-settled rule is that the only duty of the owners or occupiers of the land is to abstain from inflicting intentional, wanton or willful injuries. (*Magar* v. *Hammond,* 183 N. Y. 387; *Birch* v. *City of New York,* 190 N. Y. 397; *Snack* v. *New York Central R. R. Co.,* 223 App. Div. 192; *Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154.)

This is not a case within the rule that an owner of property is liable where he places spring guns and kindred devices upon his land for the purpose of injuring trespassers. (*Weitzmann* v. *Barber Asphalt Co.,* 190 N. Y. 452.) Such responsibility is based "not upon the ground of negligence, but upon the ground that he intended the consequences which followed his acts." (*Nicholson* v. *Erie Ry. Co.,* 41 N. Y. 525, 539.) Nor is this case within the orbit of actionable allurement, where an owner, for the purpose and with the intention of enticing his neighbors' dogs upon his premises, set traps very near the line of the highway and baited them with decaying meat. (*Townsend* v. *Wathen,* 9 East, 277, [1808]; *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301.) This trap had been properly located, pursuant to statute, for a public purpose in the honest conduct of the State's business and was not designed to injure persons or animals other than foxes. It was of a size and weight, consistent with its intended use and was not particularly hazardous to humans under the circumstances. Obviously, adequate warning of its transitory presence to a wandering dog would frustrate the desired purpose. In the absence of knowledge, the State was not required to take into account an actual probability that dogs might also trespass upon the land. Government was organized to protect the general and collective rights of the governed as fully as the individual rights of each member of the body politic. Society's natural right of self defense which is inherent in the sovereignty required in its discretion the control of carrier foxes in this locality by means which we find reasonably necessary and not unduly oppressive under all the circumstances in this case.

The claim is dismissed.

Let judgment be entered accordingly.