NEW YORK STATE VOTERS LEAGUE AGAINST VIVISECTION, INC., et al., Plaintiffs, *v.* HERMAN E. HILLEBOE, as Commissioner of Health of the State of New York, et al., Defendants.

Supreme Court, Special Term, New York County, June 30, 1952.

*Selig Kaplan* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirschowitz* of counsel), for Herman E. Hilleboe, as Commissioner of Health of the State of New York, defendant.

*Denis M. Hurley, Corporation Counsel (Arthur J. Goldsmith* and *Alice T. Ziemor* of counsel), for John F. Mahoney, as Commissioner of Health of the City of New York, defendant.

NATHAN, J. On this motion for a temporary injunction, it becomes unnecessary to determine the question of whether or not either of the plaintiffs would be entitled to injunctive relief, since the Metcalf-Hatch Law (L. 1952, ch. 96) which is here under attack, is found not to be unconstitutional.

This law amends the Public Health Law of the State by adding section 5-a. It authorizes the State Commissioner of Health to designate approved laboratories or institutions wherein scientific tests, experiments or investigations involving the use of living animals may be performed or conducted under prescribed rules. It further provides that the State Commissioner of Health or the commissioner of health of the City of New York may requisition in lieu of destruction, unlicensed, unwanted or unclaimed animals impounded pursuant to law, at a fee to be fixed by the commissioner and paid by the receiving laboratories. It also contains restrictive and administrative provisions designed for the carrying out of the purposes of the act as well as the humane policy of the State to prevent cruelty to animals.

It is significant to note that section 185 of the Penal Law, as amended in 1947, permits similar use of living animals in language almost identical with that used in the Metcalf-Hatch

Law but under less stringent regulations. As a matter of fact, the only new provisions in the Metcalf-Hatch Law are those providing for the requisition of animals and the additional restrictions looking toward strengthening the humane policy long upheld in the statutes of this State.

It has long been the established law in this State that there is but a qualified property in dogs and other animals, and that reasonable regulations with respect to them is a valid exercise of the police power of the State (*Sentell* v. *New Orleans & Carrollton R. R. Co.,* 166 U. S. 698; *Fox* v. *Mohawk & Hudson Riv. Humane Soc.,* 165 N. Y. 517; *Nicchia* v. *New York,* 254 U. S. 228, affg. 224 N. Y. 637; *Blair* v. *Du Mond,* 200 Misc. 1036).

Any expenditure of public funds that may be required to implement the provisions of this law is *de minimis,* particularly in view of what is now being done under the provisions of section 185 of the Penal Law. The fact that some financial benefits may accrue to private institutions does not invalidate legislation that is otherwise in the public interest.

The contention that the language of the act may be broad enough to permit improper application or use of the powers delegated to the commissioners is of no avail. Not only is there no showing that any such application or use is threatened or contemplated; there is affirmative proof to the contrary.

Finally, the court finds no rights of any person are affected by the requisitioning of animals in accordance with the provitions of this act, and that the act is neither in conflict with the Constitution of this State nor the Constitution of the United States.

The motion is, therefore, in all respects denied.