DOG OWNERS ASSOCIATION OF NEW YORK STATE, INC., et al., Plaintiffs, *v.* HERMAN E. HILLEBOE, as Commissioner of Health of the State of New York, Defendant, and NEW YORK STATE SOCIETY FOR MEDICAL RESEARCH, INC., Intervener-Defendant.

Supreme Court, Special Term, Westchester County, June 8, 1953.

*Albert Felix* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz* of counsel), for defendant.

*Webster, Sheffield & Chrystie* for intervener-defendant.

GALLAGHER, J.   This was originally an action by three corporate and two individual plaintiffs to declare the Metcalf-Hatch Act (L. 1952, ch. 96) unconstitutional and to enjoin defendant Hilleboe from proceeding thereunder.   A motion made to dismiss the causes of action on behalf of one corporate and the two individual plaintiffs was granted by Mr. Justice EAGER (*Central Westchester Humane Soc.* v. *Hilleboe,* 202 Misc. 881).   The matter then came on for trial before this court sitting in Special Term, Part II, in January of 1953.   Plaintiffs submitted no evidence but moved for declaratory judgment on the pleadings. Defendant Hilleboe introduced the record in the trial of *New York State Voters League Against Vivisection* v. *Hilleboe* (202 Misc. 687) which was a former attack on the constitutionality of this act, including the legislative minutes in connection with the act.   He then moved for declaratory judgment declaring the act constitutional.   The defendant, New York State Society, then introduced affidavits to establish the validity of the act and

joined the defendant Hilleboe's motion for declaratory judgment. Defendant society also moved for summary judgment. These motions are now before this court for decision.

The Metcalf-Hatch Act adds section 5-a to the Public Health Law.* It empowers the State Commissioner of Health to approve laboratories or institutions for scientific tests, including the use of living animals, directs him to prescribe rules to provide for the proper care and treatment of animals so used, and then provides that, in lieu of their destruction, he can requisition dogs otherwise to be destroyed from public pounds, or pounds of private organizations to which public authority has been delegated by contract or statute. It further provides safeguards to insure that only those dogs which would be otherwise destroyed shall be so requisitioned.

The two remaining corporate plaintiffs are private corporations which, at the date of the complaint, had contracts with municipalities pursuant to the Agriculture and Markets Law to impound unlicensed and stray dogs and to destroy or otherwise dispose according to law of such seized dogs not redeemed. They claim the Metcalf-Hatch Act to be unconstitutional for the following reasons:

1. It takes private property for public use without just compensation in violation of article I (§ 7, subd. [a]) of the New York State Constitution.

2. Plaintiffs are deprived of property without due process of law in violation of article I (§ 6) of the New York State Constitution and section 1 of the Fourteenth Amendment to the Constitution of the United States.

3. There is an illegal and unconstitutional delegation of the power of condemnation in violation of article I (§ 7, subds. [a], [b]) of the New York State Constitution.

4. The law imposes involuntary servitude in violation of the Thirteenth Amendment to the Constitution of the United States.

5. Plaintiffs are denied equal protection of the law in that licensing is required for some dogs and not for others, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States.

6. The law impairs the obligation of contract and causes plaintiffs to violate their charters, in violation of article I (§ 10) of the United States Constitution and article I (§ 15) of the New York State Constitution.

---

* See, now, Public Health Law, §§ 504, 505.—[REP.

Both plaintiffs maintain that their objections are not against vivisection as such, but on the above grounds.

The constitutionality of the act has already been declared in *New York State Voters League Against Vivisection* v. *Hilleboe* (*supra*) but there the action was not brought by contract parties as here.

Mr. Justice EAGER, in granting the motion herein to dismiss as to three plaintiffs (see *supra*) states that to qualify a party, it is necessary that it hold animals seized or possessed after July 1, 1952, the effective date of the act. In an action for declaratory judgment, the rights and legal relations of the parties are to be determined as of the time they are declared. (*Graybar Elec. Co.* v. *New Amsterdam Cas. Co.,* 292 N. Y. 246, 250.) The one contract of plaintiff Dog Owners Association of New York State, Inc., has now expired, and had expired prior to the date of trial. Therefore it could not at that time, or now, be holding legally any dogs seized by it after the effective date of the act, and hence its action under the ruling of Judge EAGER, must be now dismissed. The remaining plaintiff has contracts which have not yet expired.

The point has been raised that since the record does not show that any dogs in the possession of the plaintiff Westchester County Dog Protective Association Inc., have been requisitioned under the act, there is no justiciable controversy here. (*Wardrop Co.* v. *Fairfield Gardens,* 237 App. Div. 605, 606–607; *Smith* v. *Western Union Tel. Co.,* 276 App. Div. 210, and *Rose* v. *City of New Rochelle,* 119 N. Y. S. 2d 900.) It does not appear necessary to rule on this point, so we shall pass directly to the specific points raised by plaintiff as set forth above.

The objections numbered 1, 2 and 3 above are all predicated upon the assumption that plaintiff has a property right in the dogs which come within its custody under the general rule that, these dogs, being abandoned property, title is good in the finder against all the world except the rightful owner. (*Garramone* v. *Simmons,* 177 Misc. 330.) In opposition to this claim, defendants have cited numerous decisions which set forth that the rule concerning dogs is a special one. Probably the clearest expounding of this rule is in *Sentell* v. *New Orleans R. R. Co.* (166 U. S. 698, 701, 706) in which the court said, " property in dogs is of an imperfect or qualified nature, and that they stand, as it were, between animals *feræ naturæ* in which, until killed or subdued, there is no property, and domestic animals, in which the right of property is perfect and complete. * * * It is purely

within the discretion of the legislature to say how far dogs shall be recognized as property ''. (See, also, *New York State Voters League Against Vivisection* v. *Hilleboe,* 202 Misc. 687, *supra*; *Fox* v. *Mohawk & Hudson Riv. Humane Soc.,* 165 N. Y. 517, 521; *People ex rel. Westbay* v. *Delaney,* 73 Misc. 5, affd. 146 App. Div. 957; *Nicchia* v. *New York,* 254 U. S. 228; *Preudhomme* v. *Stebbins,* 269 App. Div. 409; *Steinberg* v. *Stebbins,* 269 App. Div. 910; *Aber* v. *State of New York,* 202 Misc. 808; *Blair* v. *Du Mond,* 304 N. Y. 607, and *Barrett* v. *State of New York,* 220 N. Y. 423.)

Objections 4 and 6 urged by plaintiff are based on the theory that, by the enactment of this law, it is forced under its contracts to do acts which it alleges are contrary to its charter and purposes and desires. Its contract provides that it seizes animals '' for the destruction *or other disposition* of seized dogs, not redeemed, *as provided by Law.*'' (Italics supplied.) The various sections of the laws of this State relating to licensing and harboring of dogs and the disposition of same are all parts of an exercise of the police power to protect the health of the general public. Such acts include Penal Law (§ 185), Agriculture and Markets Law (§§ 114, 119, 120, 120-a, 127), and Code of Criminal Procedure (§ 117-c). Sections 120 and 120-a of the Agriculture and Markets Law are the sections under which plaintiff's contracts are made. Such contracts are a part of the general system of public handling of the dog problem, and such custody as is gained by contractors thereunder is in furtherance only of that general system — the societies act only as agents for the municipalities involved (see cases already cited in connection with plaintiff's points 1, 2 and 3). The clearest exposition of this theory is in *Regents of Univ. of Wisconsin* v. *Dane Co. Humane Soc.* (260 Wis. 486, 492), where the court said, '' The pre-eminent authority over the unclaimed dogs is in the state   *   *   *   and we consider it is well within the legislative power to take for public purposes the animals which no one owns or, at least, which the owner does not claim or redeem. When the state does so the custodian who has the animal   *   *   *   is not aggrieved. The custodian who had no property in the dog is deprived of none, and is not protected by the fourteenth amendment ''.

Plaintiff's fifth point remains. This point refers to the provision of the Metcalf-Hatch Act, which states that the institution receiving the dogs thereunder shall not be required to license them. This is merely a re-enactment of Agriculture and Markets Law (art. 7, § 127). As a matter of fact it is this very

section which allows plaintiff and other contracting societies to hold dogs without licensing them. There can be no serious question of the validity of this provision of the act.

Plaintiff's motion to declare the act invalid is denied. Defendants' motions to declare the act constitutional and for summary judgment are granted.

Submit order on two days' notice.