MATHIAS P. POERSCH, as Executor of WALTER L. CANWRIGHT, Deceased, Respondent-Appellant, *v.* MIRIAM ELDRIDGE, Also Known as MIRIAM MORGAN, Appellant-Respondent, et al., Defendant.

Fourth Department, April 1, 1971.

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels* of counsel), for appellant-respondent.

*John J. Costello* and *Mathias P. Poersch,* in person, for respondent-appellant.

GABRIELLI, J. Presented for review is the often mooted question of the rights of depositors in joint savings accounts. In an action brought for a declaration of the rights of the parties, plaintiff has been awarded title to one half of the bank account in question.

The undisputed facts reveal that in 1967 an account in the amount of $5,400 was opened in the defendant bank in the names of " Miriam K. Morgan or A. B. Lawrence ". The signature card, which served as an application for the opening of the account, stated that they were applying for the issuance of an account " as joint tenants with a right of survivorship and not as tenants in common." Miriam K. Morgan was also known as Miriam Eldridge. On February 13, 1969 the account was changed, by mutual consent, to the names of the brother of A. B. Lawrence, and Miriam K. Morgan under the title of " Miriam K. Morgan or Walter L. Canwright ". The signature card for this account contained the same survivorship statement. In August, 1969 Canwright brought suit claiming that the name of Miriam (Morgan) Eldridge had been placed on the account for convenience only and sought judgment declaring him to be the sole owner of the account. Upon the death of Canwright in February, 1970, his executor was substituted as plaintiff and the issues thereafter proceeded to trial. At the conclusion of the evidence, plaintiff's claim of ownership of the entire account was abandoned and plaintiff successfully moved to amend his complaint to conform to the proof and to proceed on the theory that he was entitled to one half of the account. In doing so, he specifically conceded that the account was actually created as a joint account and further stipulated that at the time of Canwright's death, it was a joint account with right of survivorship.

With this undisputed factual background it was error for the trial court to direct judgment declaring that each party was entitled to one half of the account. Prior to the enactment of the Banking Law (L. 1909, ch. 10) the creation of an account in the name of two persons with a right of survivorship did not create any property interest, during the lifetime of the cotenants,

in the person who was not the actual depositor. (*Beaver* v. *Beaver,* 117 N. Y. 421; *Russo* v. *Russo,* 17 A D 2d 129.) The enactment of the Banking Law effected a change and the circumstances of this case are controlled by subdivision (b) of section 675 thereof, which, in the absence of fraud or undue influence, creates a presumption of title to the account in the survivor of the joint tenants with the burden of proof in refutation on a challenger of such title (*Mitchiner* v. *Bowery Sav. Bank,* 31 A D 2d 803; *Matter of Reardon,* 25 A D 2d 370). Indeed, the presumption arises from the very form in which the account stood (*Mittman* v. *Mittman,* 30 A D 2d 867, affd. 24 N Y 2d 826; *Walsh* v. *Walsh,* 29 A D 2d 991; *Matter of Filfiley,* 63 Misc 2d 824). The record in this case is devoid of any evidence tending to overcome this presumption. In fact there is neither a claim nor hint of any fraud or undue influence and, in these circumstances, the survivor must prevail.

Plaintiff has urged that he is entitled to his moiety of the amount of the account on February 13, 1969, the date when the title and ownership of the account was changed to the names of the defendant and plaintiff's testator. Canwright neither attempted to preserve nor sought to enforce his right to his moiety in the joint account, but rather commenced the action on the theory that no actual joint account existed, claiming that it was a convenience account and that he was entitled to all the funds on deposit. When this claim was abandoned upon the trial, title in the funds had vested in the surviving cotenant because of the conceded joint tenancy with right of survivorship.

In an action for a declaratory judgment, the rights of the parties are to be determined as of the time they are declared (*Dog Owners Assn. of N. Y. State* v. *Hilleboe,* 206 Misc. 119, affd. 307 N. Y. 734). The judgment declaring the rights of the parties was granted and entered on October 20, 1970, some nine months following Canwright's death.

The judgment should be reversed and judgment entered declaring appellant-respondent to be the owner of all funds on deposit in the account.

GOLDMAN, P. J., MARSH, WITMER and CARDAMONE, JJ., concur.

Judgment unanimously reversed, on the law and facts, without costs, and judgment entered declaring appellant-respondent to be the owner of all funds on deposit in the account in question.