John T. Ryan, Jr., Esq. Town Attorney, Cuyler
As attorney for the Town of Cuyler, you inquire whether the town may enact a dog control ordinance to be effective and operative in only a portion of the town. The portion of the town in question is the hamlet of Cuyler.
Section 114 of the Agriculture and Markets Law states that each town and city and certain villages shall appoint one or more dog control officers to assist with the control of dogs and the enforcement of Article 7 of the Agriculture and Markets Law.
Section 124 of that law authorizes a municipality to enact a local law or ordinance "upon the keeping or running at large of dogs and the seizure thereof" but withholds power to change the State requirements of identification, licensing, rabies vaccination, and euthanization. This is a limitation on a municipality's exercise of the police power delegated to it by the Municipal Home Rule Law (§ 10[1][ii][a][12]) and a specific grant to municipalities with ordinance power to go that route. (Note, for example, that the Town Law grants ordinance power over the running at large of "unmuzzled dogs" [§ 130 (9) and (9)], whereas section 124 of the Agriculture and Markets Law refers only to "dogs".)
It is well settled that the police power encompasses regulation of the keeping and running of dogs (Dog Owners Assn. v. Hilleboe, 206 Misc. 119
[Sup Ct, Westchester Co, 1953] affd 307 N.Y. 734). It is also well settled that a police power regulation does not have to apply uniformly everywhere (Matter of Four Maple Drive Realty Corp. v. Abrams, 2 A.D.2d 753
[2d Dept, 1956], app den 2 A.D.2d 781, app dsmd 2 N.Y.2d 870, app dsmd355 U.S. 14). The constitutional rule in cases of regulation under the police power is whether the regulation is reasonable. (See Goldblatt v.Town of Hempstead, 369 U.S. 590, 594 [1962], affg Town of Hempstead v.Goldblatt, 9 N.Y.2d 101 [1962]; Lawton v. Steele, 152 U.S. 133, 137
[1894], affg 119 N.Y. 226 [1890]).
You have stated that your town board has found that the problem of dogs running at large exists only in the hamlet of Cuyler, an area that is defined by reference to a sewer improvement area. We assume that your town board's finding is reasonable — i.e., that the dog problem exists only in the hamlet and not throughout the town and that dog owners can readily determine the area in which dogs running at large are regulated. In any event, there is a presumption of the constitutionality of a police-power regulation, which means that the opponent of the regulation has the burden of establishing that the regulation is not justified on "`any state of the facts'" (Town of Hempstead v Goldblatt,supra at 104, quoting from United States v Carolene Products Co.,304 U.S. 144, 154 [1938]).
We conclude that a town may enact an ordinance regulating the running at large of dogs and limit the area of the town in which the ordinance applies provided only that the limitation of area is reasonable. (We note that the town ordinance may not be made operative within a city or village located within the town [Town Law, § 132].)